UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELVIN TURNER,** | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:15-0542 |
| v. | : |
| | : (Mannion, D.J.) |
| **DR. LOPEZ and UNITED STATES,** | : (Carlson, M.J) |
| | : |
| **Defendants** | : |
| | : |

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Carlson, (Doc. 10), recommending that the latest complaint of *pro se* plaintiff, Melvin Turner, an inmate at the Federal Correction Complex, Coleman, Florida, be dismissed with prejudice for failure to state a claim.[1] This case arises from a complaint, (Doc. 1), filed on March 18, 2015. On April 14, 2015, plaintiff filed an *in forma pauperis* motion. (Doc. 6). Plaintiff names two defendants, Dr. Rafael Lopez, a private urologist contracted by the Bureau of Prisons ("BOP"), who performed transurethral resection of the prostate ("TURP") surgery on plaintiff on June 21, 2011, when he was confined at the United States Penitentiary, Cannan, Pennsylvania, and the United States. Plaintiff alleges

---

[1]As Judge Carlson indicates, plaintiff filed two prior actions with this court regarding the same incident raised in the present action, namely, 13-CV-872, M.D.Pa., and 14-CV-540, M.D.Pa. Plaintiff moved to voluntarily dismiss these two prior actions when confronted with filings seeking the dismissal of his claims. Plaintiff also filed another unrelated civil rights action with this court. *See* Turner v. U.S.,13-CV-848, M.D.Pa.

that "the procedure was incorrect" causing unwanted side effects, such as urinary incontinence and erectile dysfunction, and required two subsequent surgeries "to repair Dr. Lopez's incompetency." Plaintiff raises an Eighth Amendment "deliberate indifference" claim. As such, his case is a *Bivens*[2] civil rights action pursuant to 28 U.S.C. §1331. Plaintiff filed line-by-line objections to the report on June 5, 2015. (Doc. 11). Plaintiff attached a four-page proposed amended complaint dated February 24, 2015 to his objections, (Doc. 11, at 18-22), as well as a proposed three-sentence Certificate of Merit which plaintiff signed, (Doc. 11, at 22). On June 18, 2015, plaintiff filed the identical first page of his proposed amended complaint with over 80 pages of his medical records attached. (Doc. 12). As the original complaint is time-barred, the United States is not a proper defendant in a *Bivens* action, and no discernible Eighth Amendment claim is stated against Dr. Lopez, the court adopts the report of Judge Carlson and overrules plaintiff's objections.

I.    **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of

---

[2]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A *Bivens*-type action is the federal counterpart to an action filed under 42 U.S.C. §1983. *See* Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988).

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.     DISCUSSION

As Judge Carlson's report indicates, the complaint relates to constitutional claims which occurred more than two years before it was filed and it is barred by the two year statute of limitations applicable to a *Bivens*

action in Pennsylvania. *See* Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (*Bivens* actions governed by forum state's statute of limitations for personal injury actions); *see also* 42 Pa. Cons.Stat. Ann. §5524 (two-year statute of limitations for personal injury actions in Pennsylvania); Bullock v. Buck, --- Fed.Appx. ----, 2015 WL 1951895, *2 (3d Cir. May 01, 2015). Also, as Judge Carlson indicates, "a district court may *sua sponte* dismiss a complaint under §1915(e) where the defense is obvious from the complaint and no development of the factual record is required." Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008) (citations omitted).

  Plaintiff objects to the recommendation that his complaint should be dismissed as time barred and argues that the two surgeries required to correct the June 2011 surgery of Dr. Lopez, the first corrective surgery was over two years later and the second one was an additional seven months, renders his claim as timely under the continuing violations doctrine. Under Pennsylvania's discovery rule, the statute of limitations begins to run when the plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D.Pa. 1994). It is abundantly clear in the present case, and readily apparent from plaintiff's complaint, that he discovered, or should have discovered, his alleged constitutional claims regarding Dr. Lopez's surgery shortly after the surgery as he concedes he "did know damage had been

caused every time [he] needed to use the restroom." (Doc. 11, at 8). Simply because plaintiff required two subsequent surgeries to correct the alleged damage caused by Dr. Lopez, does not show that plaintiff's constitutional claim against Dr. Lopez falls under the continuing violations doctrine.

The "continuing violation doctrine" is an "equitable exception to the timely filing requirement." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). The Court in *Arneault v. O'Toole*, 864 F.Supp.2d 361, 391-392 (W.D. Pa. 2012), stated:

> Under the continuing violation doctrine, as applied by the Third Circuit Court of Appeals, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (quoting *Brenner v. Local 514, United Broth. of Carpenters and Joiners of Am.,* 927 F.2d 1283, 1295 (3d Cir. 1991)). The doctrine will apply only where the plaintiff can establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." *Id.* (quoting *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 755 (3d Cir. 1995)).
>
> This inquiry involves consideration of three factors, *to wit:* (1) subject matter— *i.e.,* whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency— *i.e.,* whether the acts are recurring or more in the nature of isolated incidents; and (3) the degree of permanence— *i.e.,* whether the act had a degree of permanence such that it should have triggered the plaintiff's awareness of and duty to assert his rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Cowell, supra,* at 292 (citing *West,* 45 F.3d at 755 n. 9). Of these, the third factor is the most important. *Id.* (citing *Berry v. Board of Supervisors of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir. 1983)).

> The continuing violation doctrine recognizes that there may be situations where the illegality of a defendant's conduct becomes apparent only over a period of time and, in such cases, an otherwise diligent plaintiff should not be penalized for his or her delay in filing suit. *See Foster v. Morris,* 208 Fed.Appx. at 177–78 (recognizing the doctrine as "an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time.").
>
> On the other hand, where the conduct consists of a discreet and actionable injury of which a reasonable plaintiff would have been aware, the doctrine has no application. *See Seawright v. Greenberg,* 233 Fed.Appx. 145, 149 (3d Cir. 2007) (continuing violations theory does not apply in cases where the plaintiff is aware of the injury at the time it occurred) (citation omitted); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 417 n. 6 (3d Cir. 2003) (same) (*citing Kichline v. Consolidated Rail Corp.,* 800 F.2d 356, 360 (3d Cir. 1986)). Thus, "causes of action that can be brought individually expire with the applicable statute of limitations period." *O'Connor v. City of Newark,* 440 F.3d 125, 128 (3d Cir. 2006). In short, "if prior events should have alerted a reasonable person to act at that time the continuing violation theory will not overcome the relevant statute of limitations." *King v. Township of East Lampeter,* 17 F.Supp.2d 394, 416 (E.D.Pa. 1998), *aff'd,* 182 F.3d 903 (3d Cir. 1999) (TABLE, NO. 98–1806). *See also MFS, Inc. v. Twp. of South Annville,* Civil Action No. 1:05–CV–1371, 2006 WL 3254535 at *4 (M.D.Pa. Nov. 9, 2006) (*quoting King*).

Judge Carlson details why the court should dismiss, as time barred, plaintiff's constitutional claims regarding the events which occurred with respect to his June 2011 surgery and why the continuing violations theory does not apply. Specifically, Judge Carlson, (Doc. 10, at 11), states:

> In this case, Turner complains about a June 2011 medical mishap. Turner has long attached a high degree of significance

and permanence to the events set forth in this complaint as evidenced by his prior abortive filings in 2013 and 2014. Thus, Turner recites well-pleaded facts in his complaint which clearly reveal that, to the extent these events entailed violations of the plaintiff's constitutional rights, those violations were known and recognized by Turner when they first occurred, almost four years ago. Thus, these events plainly had the degree of significance and permanence which should have triggered the plaintiff's awareness of his duty to assert his rights. Therefore, in this case a straightforward application of the two-year statute of limitations also compels dismissal of this action as untimely.

Since plaintiff was clearly aware of his alleged injuries at the time they occurred after his June 2011 surgery, continuing violations theory does not apply in this case. The subsequent surgeries plaintiff had do not implicate the continuing violation theory since his condition after his June 2011 surgery should have alerted a reasonable person to act at that time.

Further, Judge Carlson explains that the United States is not a proper party defendant in a constitutional tort action bought under *Bivens* and such claims against it are barred by sovereign immunity. *See* FDIC v. Meyer, 510 U.S. 471, 478, 114 S.Ct. 996 (1994); Ky v. Graham, 473 U.S. 159, 165–66, 105 S.Ct. 3099 (1985). Plaintiff objects to this finding and he states that the United States should still be a defendant since "the scheduling of the correctional operations made a prolonged difference in the pain and suffering". (Doc. 11, at 10). Even if there was a delay in scheduling the two subsequent surgeries to correct the alleged damage caused by Dr. Lopez, this does not permit plaintiff's constitutional claims against the United States

to proceed.

With respect to Dr. Lopez, Judge Carlson correctly states that "Turner has not recited sufficient well-pleaded facts which would give rise to an Eighth Amendment claim against Dr. Lopez. Turner's latest complaint simply alleges that Dr. Lopez's surgical technique was 'incorrect.'" (Doc. 10, at 17).

"To establish a claim for relief under *Bivens*, a plaintiff must show: (1) that the alleged misconduct was committed by a federal agent; and (2) that as a result, he was deprived of a right secured by the Constitution or laws of the United States." Davis v. Holder, 994 F.Supp.2d 719, 725 (W.D.Pa. 2014) (citation omitted). The Third Circuit has not yet decided if a *Bivens* action can be brought against a private individual such as Dr. Lopez who was contracted by a federal agency. *See* Franco-Calzada v. U.S., 375 Fed.Appx. 217, 219 (3d Cir. 2010); *but see* Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 71-72, 74, 122 S.Ct. 515 (2001) (the Supreme Court declined to extend the *Bivens* remedy to claims against private corporations operating under federal contracts); Minneci v. Pollard, ––– U.S. –––, 132 S.Ct. 617, 626 (2012) (The Supreme Court found that a *Bivens* action did not exist in a case in which "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here)"); Bob v. Kuo, 387

8

Fed.Appx. 134, 136 (3d Cir. 2010) (the Third Circuit held that a plaintiff cannot bring a *Bivens* action against a private corporation). Thus, the Supreme Court held that a *Bivens* remedy does not lie against employees of a private prison with respect to an Eighth Amendment claim. *See* Davis v. Holder, 994 F.Supp.2d at 724. As such, plaintiff's attempt to infer a *Bivens* claim against Dr. Lopez, a private medical provider contracted by the BOP, is suspect especially since the doctor's conduct allegedly amounts to an Eighth Amendment violation and the conduct is within the scope of state tort law. *See* Minneci v. Pollard, ––– U.S., at –––, 132 S.Ct. at 626. Regardless, Judge Carlson correctly finds that plaintiff Turner fails to state a cognizable constitutional claim against Dr. Lopez.

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). *See also* Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the

eighth amendment." *Id*.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.*, 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See* White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Additionally, negligence, unsuccessful medical treatment, or medical malpractice does not give rise an Eighth Amendment claim, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See* Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Moreover, if there is a dispute over the adequacy of the received

treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

The allegations in plaintiff's complaint clearly demonstrate that plaintiff received medical attention in June 2011 when Dr. Lopez performed surgery on him, and that the attention plaintiff received lacks the requisite deliberate indifference to support an Eighth Amendment claim.

As Judge Carlson finds, plaintiff's allegations constitute a claim of negligence and they are insufficient to state an Eighth Amendment claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir. 1989) (citing Estelle, 429 U.S. at 105–06 (in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind)).[3]

---

[3]Even holding plaintiff's complaint to the less stringent pleading standards of *pro se* plaintiffs, the allegations do not sufficiently allege deliberate indifference. Plaintiff does not suggest that either Dr. Lopez or the prison's medical staff were aware that there was an excessive risk to his health or safety by operating on him in June of 2011 but wantonly refused to provide him proper medical care. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004) (stating that while a pro se complaint should be read liberally, an inmate plaintiff must still allege that defendant was aware of the risk and intentionally disregarded it).

This is particularly so in light of the fact that there are no allegations in the complaint that any of the defendants intentionally withheld medical treatment from plaintiff in order to inflict pain or harm upon him. *Farmer*; *supra*; *Rouse, supra*. Since plaintiff failed to allege that Dr. Lopez had a sufficiently "culpable state of mind" when the doctor treated plaintiff, he fails to state a claim for deliberate indifference. *See* Baumgardner v. Ebbert, 535 Fed.Appx. 72, 75-76 (3d Cir. 2013).

At most, the allegations in plaintiff's complaint and his contention, (Doc. 11, at 13-14), that Dr. Lopez while performing the TURP surgery cut his "penis/prostate area to damage said body parts for the rest of [his] natural life" only rise to the level of mere negligence. As simple negligence can not serve as a predicate to liability in a civil rights action, Hudson v. Palmer, 468 U.S. 517 (1984), plaintiff's complaint fails to articulate an arguable claim. *See* White, 897 F.2d at 108-110.

Insofar as plaintiff is attempting to bring a professional medical malpractice claim against Dr. Lopez, Judge Carlson finds that such a claim cannot proceed since plaintiff failed to comply with Pa.R.C.P. 1042.3 which requires the filing of a certificate of merit ("COM"). "Pennsylvania law requires a plaintiff alleging medical malpractice to file a COM." Baumgardner v. Ebbert, 535 Fed.Appx. at 77.

In plaintiff's *pro se* proposed COM, (Doc. 11, at 22), attached to his objections, he states as follows:

> The Merit of this case is substantiated by FACTUAL Evidence that Dr. Lopez's TURP operation on June 20, 2011, caused damage, pain and suffering of all nature includeing (sic) a condition that will be with the Plaintiff for the rest of his natural life, all of which caused the need for two (2) additional correctional operations on the Plaintiff in 2013, and 2014.

In his objections, plaintiff states that his medical records regarding the two surgeries he required to correct the damage caused by Dr. Lopez's TURP procedure are sufficient to show that the procedure and the injuries he sustained in June of 2011 fell below the appropriate standard of care. In his COM, plaintiff appears to contend that expert testimony of an appropriate licensed professional is unnecessary to prosecute his malpractice claim based on the two subsequent surgeries.

As Judge Carlson recognizes, the substantive law of Pennsylvania applies with respect to plaintiff's medical professional liability claim against Dr. Lopez. Under Pennsylvania law, "[a] prima facie negligence claim requires the Plaintiff to show that: (1) the Defendant had a duty to conform to a certain standard of conduct; (2) the Defendant breached that duty; (3) such breach caused the injury in question; and (4) the Plaintiff incurred actual loss or damages." [Krentz v. Consol. Rail Corp., 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2007)](). Judge Carlson also correctly states that to prove a medical malpractice cause of action, plaintiff is required to provide expert testimony that concludes "to a reasonable degree of certainty" that the physician's challenged conduct deviated from the appropriate medical standards and that this deviation

13

proximately caused the suffered harm. *See* Hoffman v. Brandywine Hosp., 443 Pa.Super. 245, 661 A.2d 397, 399–400 (Pa.Super.Ct. 1995). Although expert testimony is not necessary when the physician's conduct so clearly lies within a layperson's comprehension, this kind of situation is rare, and this is not the case in this matter.

Federal courts in Pennsylvania have held that in a medical professional liability suit in the prison context, a fact-finder cannot reasonably find that a prison medical staff member acted negligently without expert opinion demonstrating the requisite deviation from the appropriate medical standards. *See* Thomas v. U.S., 558 F.Supp.2d 553 (M.D.Pa. 2008). Judge Carlson states that plaintiff's medical malpractice claim should be dismissed because Pennsylvania Rule 1042.3 requires him to file a COM.

In medical malpractice claims, the plaintiff must offer expert medical testimony regarding diagnosis, treatment and causation of his injuries. See Niklaus v. Vivadent, Inc., 767 F.Supp. 94, 96 (M.D.Pa. 1991). In McCool v. Dept. of Corrections, 984 A.2d 565, 571–72 (Pa.Commw.Ct. 2009) (internal footnotes omitted), the Commonwealth Court of Pennsylvania held:

> "[G]enerally when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury." The only time expert testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is "generally a matter of common knowledge," rendering the jury "capable through its every day experience and knowledge of

comprehending the facts presented and drawing conclusions based on those facts." [Wareham v. Jeffes, 129 Pa.Cmwlth. 124, 564 A.2d 1314, 1321 (Pa.Commw.Ct. 1989)]. Generally, such negligence rises to the level of gross incompetence.

Plaintiff's underlying condition after Dr. Lopez performed TURP surgery to correct his urethral stricture disease are well beyond the province of laypersons to decide and his claim is not for ordinary negligence. Plaintiff must prove that his alleged injuries after the surgery were caused by the improper medical care he received at USP–Canaan from Dr. Lopez.

Thus, any medical malpractice claim fails because of non-compliance with the substantive rule of Pennsylvania Civil Procedure. This rule requires a plaintiff to submit a certificate of merit from an appropriate licensed professional stating the professional's opinion about the basis of the claim. Pa. R.C.P. Rule 1042.3. Liggon–Reading v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under *Erie* Rule and must be applied as such by federal courts."); *see also* Baumgardner v. Ebbert, 535 Fed.Appx. at 77. No such certificate has been submitted in this case and the attached medical reports and records to plaintiff's complaint do not comply with Rule 1042.3 as Judge Carlson states "since they do not provide an opinion regarding whether Turner's prior care fell below the acceptable professional standards." (Doc.10, at 20).

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, [Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007)](#); [Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)](#); [Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000)](#). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." [Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004)](#). Here, the court agrees with Judge Carlson's determination that granting plaintiff Turner leave to amend his third complaint on his same claims would be futile since his constitutional claims are time-barred, prohibited by sovereign immunity as against the Untied States, and fail to state a cognizable claim. The court also finds any amendment would be prejudicial to defendants in light of plaintiff's history of filing similar complaints against them in this court. Further, plaintiff's identical proposed amended complaints, one attached to his objections and one filed separately, are not proper pleadings and they do not correct the deficiencies addressed above with respect to his original complaint.

### III. CONCLUSION

For the above reasons, the report of Judge Carlson, (Doc. 10), is **ADOPTED IN ITS ENTIRETY**. Plaintiff's objections, (Doc. 11), are **OVERRULED**. Plaintiff's complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0542-01.wpd